| | | |
|---|---|---|
| RYAN MCDONALD | * | IN THE |
| 1201 Old New Windsor Rd. | | |
| New Windsor, Maryland 21776 | * | ~~CIRCUIT COURT~~UNITED STATES DISTRICT COURT |
| Plaintiff | * | FOR THE |
| v. | * | DISTRICT OF MARYLAND~~BALTIMORE CITY~~ |
| LG ~~ELECTRONICS USA, INC.~~CHEM LTD. | * | |
| ~~1000 Sylvan Ave.~~20 Yeouido-Dong Yeongdeungpo-Gu, 150721 | * | |
| Seoul, South Korea | * | |
| and | | |
| | * | |
| LG CHEM AMERICA, INC. | | |
| 910 Sylvan Avenue | * | Civil Action No.: 1:16-cv-01093-RDB |
| Englewood Cliffs, NJ 07631 | | |
| | * | |
| ~~Englewood Cliffs, New Jersey 07632~~ | * | |
| and | | |
| | * | |
| ~~Serve On Resident Agent:~~ | * | |
| ~~CSC Lawyers Incorporating Service Company~~ | * | |
| ~~7 St. Paul Street, Suite 820~~ | | |
| ~~Baltimore, Maryland 21202~~ AMAZON.COM, INC. | * | |
| | * | |
| and | * | ~~Case Number: _____~~ |
| ~~Amazon.com, Inc.~~ | * | |
| ~~1013 Centre Road~~ | | |
| ~~Wilmington, Delaware 19805~~ | * | |
| ~~Serve On Resident Agent:~~ | * | |
| ~~CSC Lawyers Incorporating Service~~ | | |
| ~~7 St. Paul Street, Suite 820~~ | * | |
| ~~Baltimore, Maryland 21202~~ | | |
| Defendants | * | |
| ~~Defendants~~ | * | |
| | * | |

1

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**FIRST AMENDED COMPLAINT**

TO THE HONORABLE, THE JUDGE OF SAID COURT:

Ryan McDonald, Plaintiff, by Shani Dinovitz and the Law Office of Shani Dinovitz, LLC, his attorney, brings suit against Defendants ~~LG Electronics USA, Inc.~~LG Chem Ltd., LG Chem America, Inc., and Amazon.com, Inc. and states as follows:

1. Plaintiff is an adult citizen of the State of Maryland and a resident of Carroll County.

2. Defendant LG Chem Ltd.~~Electronics USA, Inc.~~ (~~"LG"~~) is a foreign business corporation based in South Korea and authorized to conduct business in the State of Maryland. LG Chem Ltd. ~~Delaware corporation with its headquarters located in Englewood Cliffs, New Jersey. LG~~ is engaged ~~the North American subsidiary of LG Electronics, Inc., a global technology company specializing~~ in the design, manufacture, ~~and~~ sale, and distribution of ~~consumer electronics, appliances and mobile communications~~batteries, among other products. Its principal place of business is located at 20 Yeouido-Dong, Yeongdeungpo-Gu, 150721, Seoul, South Korea. On and before December 31, 2015, LG Chem Ltd. was conducting business in the State of Maryland.

~~2.~~3.   Defendant LG Chem America, Inc. is a company organized under the laws of Delaware with its principal place of business at 910 Sylvan Avenue, Englewood Cliffs, NJ, 07632. LG Chem America, Inc. is engaged in the sale and distribution of batteries. On and before December 31, 2015, LG Chem America, Inc. was conducting business in the State of Maryland. ~~The company carries on regular business in Baltimore City, Maryland.~~ Defendant LG Chem Ltd. and Defendant LG Chem America, Inc. are collectively referred to herein as "Defendants LG."

2

4. Defendant Amazon.com, Inc. ("Amazon") is a Delaware corporation with its headquarters located in Seattle, Washington. Amazon is an on-line retailer and also ~~offers on-line platforms that~~ enables third party vendor~~ies~~s to sell products in conjunction with Amazon on Amazon's website. One such third-party vendor~~seller~~ is Saftymind, based in Los Angeles, California and engaged in the sale of consumer electronic products in conjunction with Amazon.

5. Amazon is involved in the sale of every product on its website, and directly financially benefits/profits from the same; Amazon receives a referral fee and variable closing fee for products sold on its website. Each time Amazon sells a product on its website, and a third-party vendor also participates in the sale, both Amazon and the third-party vendor receive money as a result.

6. Amazon also exclusively handles and processes every payment received for products sold on its website -- including the LG battery at issue in this case -- and determines the shipping charges for same. Amazon guarantees the condition of the products it sells. Amazon has numerous Fulfillment Center warehouses throughout the country, which handle order fulfillment, shipping, returns and customer service for products sold by Amazon.

~~3.~~7. Amazon approved Saftymind's engagement on the Amazon website, in the same manner that any brick-and-mortar store approves of, and participates in, the sale of products sold on its shelves that are received from various approved vendors or manufacturers.~~Defendant Saftymind sells items to consumers via on-line platforms that include Amazon.com. Amazon regularly sells products in Baltimore City, Maryland.~~

~~4.~~8. On November 5, 2014, Plaintiff ordered two LG rechargeable batteries from the Amazon website. The batteries were designed, manufactured and sold by LG. Amazon and Saftymind sold and shipped t~~T~~he batteries ~~were sold and shipped to Plaintiff by Saftymind,~~ to

3

Plaintiff, and Plaintiff received them. Amazon and Saftymind both received funds from their sale of the batteries. Amazon processed Plaintiff's payment. Amazon determined and collected the shipping fees for the batteries. Amazon guaranteed the condition of the batteries, which induced Plaintiff to proceed with the purchase. Amazon was deeply involved in, and played a fundamental role with regard to, the sale and distribution of the batteries. Amazon is regularly engaged in the sale of batteries. Amazon may have also fulfilled Plaintiff's order and shipped the batteries from one of its many Fulfillment Centers, a detail to be determined during the course of discovery.

5.9.     On December 31, 2015 at approximately 9:00 a.m., at the McDonald's located at 1706 Ridgeside Drive, Mt. Airy, Maryland 21771, Plaintiff suffered serious and permanent injuries as a result of one of the re-chargeable LG batteries violently and spontaneously exploding in his pocket and setting him on fire.

6.10.     Plaintiff was taken to Bay View Medical Center and spent more than a week in severe agony in the burn unit. The battery explosion caused Plaintiff to sustain permanent injuries and to suffer extreme pain and agony, continuing medical expenses, and lost wages.

WHEREFORE, Plaintiff demands judgment against the Defendants in the amount of FIVE MILLION DOLLARS ($5,000,000.00) plus interest, costs and any other relief this court deems appropriate.

## COUNT I
## Product Liability - Defect in Design
## Defendants LG

7.11.     Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

8.12.    Defendants LG designed, manufactured, produced, assembled and placed the battery in the stream of commerce. The battery contained a defective condition because the design was defective and unsafe.

9.13.    The design defect made the battery unreasonably dangerous.

10.14.    The battery as designed and manufactured by LG remained unchanged and was in the same condition at the time of the injury herein alleged.

11.15.    As a direct and proximate cause of Defendant's design, manufacture, production, assembly and sale of the defectively designed battery, Plaintiff sustained permanent injuries and suffered extreme pain and agony, continuing medical expenses, and lost wages.

WHEREFORE, Plaintiff demands judgment against the Defendants in the amount of FIVE MILLION DOLLARS ($5,000,000.00) plus interest, costs and any other relief this court deems appropriate.

**Formatted:** para2, Justified, Indent: First line: 0.25", Line spacing: Double

**COUNT II**
**Product Liability - Defect in Manufacture**
**Defendants LG**

~~12.~~16.    Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

~~13.~~17.    Defendants LG designed, manufactured, produced, assembled and sold the battery. The battery contained a latent manufacturing flaw which resulted in the battery spontaneously exploding into flames while in Plaintiff's pocket.

~~14.~~18.    The manufacturing defect made the battery unreasonably dangerous.

~~15.~~19.    The battery as designed and manufactured by LG remained unchanged and was in the same condition at the time of the injury herein alleged.

~~16.~~20.    As a direct and proximate cause of Defendant's design, manufacture, production, assembly and sale of the defectively manufactured battery, Plaintiff sustained permanent injuries and suffered extreme pain and agony, continuing medical expenses, and lost wages.

WHEREFORE, Plaintiff demands judgment against the Defendants in the amount of FIVE MILLION DOLLARS ($5,000,000.00) plus interest, costs and any other relief this court deems appropriate.

**COUNT III**
**Product Liability – Defect in Warning**
**Defendants LG**

~~17.~~21.    Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

~~18.~~22.    Defendants LG designed, manufactured, produced, assembled and sold the battery. The battery contained a defective condition in that the battery, to be non-defective and reasonably safe for use, should have contained or been accompanied by a warning that the

6

battery may spontaneously explode into flames if placed in one's pocket. If the battery had contained or been accompanied by such a warning, Plaintiff would not have placed the battery in his pocket.

19.23.    The warning defect made the battery unreasonably dangerous.

20.24.    The battery as designed and manufactured by LG remained unchanged and was in the same condition at the time of the injury hereafter alleged.

21.25.    As a direct and proximate cause of Defendant's' design, manufacture, production, assembly and sale of the defective battery, Plaintiff sustained permanent injuries and suffered extreme pain and agony, continuing medical expenses, and lost wages.

WHEREFORE, Plaintiff demands judgment against the Defendants in the amount of FIVE MILLION DOLLARS ($5,000,000.00) plus interest, costs and any other relief this court deems appropriate.

### COUNT IV
### Negligent Design
### Defendants LG

22.26.    Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

23.27.    Defendants LG designed, manufactured and sold a battery that had a defective design. Defendant LG owed a duty to Plaintiff to design the battery in such a way that made the battery safe for its intended purpose.

24.28.    Defendants LG knew or should have known when producing the battery that it was designed defectively, creating an unreasonable risk of injury for Plaintiff.

25.29.    Defendants were negligent in failing to properly design, manufacture and communicate the defect in the battery to Plaintiff, creating a clear and immediate risk of serious

injury to battery users such as Plaintiff. As a direct and proximate result, Plaintiff sustained permanent injuries and suffered extreme pain and agony, continuing medical expenses, and lost wages.

WHEREFORE, Plaintiff demands judgment against the Defendants in the amount of FIVE MILLION DOLLARS ($5,000,000.00) plus interest, costs and any other relief this court deems appropriate.

### COUNT V
### Negligence – Failure to Warn or to Provide Adequate Instruction
### Defendant~~s~~s LG ~~and Amazon~~

~~26.~~30.    Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

~~27.~~31.    Defendant~~s~~s owed a duty to Plaintiff to only place in the stream of commerce a battery containing adequate warning and instruction. Without such warning or instruction, the battery was unreasonably dangerous.

~~28.~~32.    The battery was placed into the stream of commerce by the Defendant~~s~~s and was sold to Plaintiff in a defective and unreasonably dangerous condition in that it should have contained or been accompanied by a warning that the battery may spontaneously explode into flames if placed in one's pocket. If the battery had contained or been accompanied by such a warning, Plaintiff would not have placed the battery in his pocket.

~~29.~~33.    As a direct and proximate cause of the Defendant's~~'~~ negligent failure to provide adequate instruction and warning, Plaintiff sustained permanent injuries and suffered extreme pain and agony, continuing medical expenses, and lost wages.

WHEREFORE, Plaintiff demands judgment against the Defendants in the amount of FIVE MILLION DOLLARS ($5,000,000.00) plus interest, costs and any other relief this court deems appropriate.

### COUNT VI
### Negligence
### Defendants LG and Amazon

~~30.~~34.  Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

~~31.~~35.  Defendants owed a duty to Plaintiff to only sell, distribute, and place in the stream of commerce a battery that would not spontaneously explode upon being placed in Plaintiff's pocket, that is safe for its intended purpose, and that is not unreasonably dangerous.

~~32.~~36.  Instead, t~~T~~he battery was sold, distributed, and placed into the stream of commerce by the Defendants ~~and was sold~~ to Plaintiff in a defective and unreasonably dangerous condition in that it was apt to explode if placed in one's pocket.

~~33.~~37.  Defendants were negligent in failing to sell, distribute and place in the stream of commerce a ~~place a~~ safe battery ~~in the stream of commerce,~~ and for instead selling Plaintiff a defective and unreasonably dangerous battery, without communicating said defect, creating a clear and immediate risk of serious injury to battery users. As a direct and proximate result, Plaintiff sustained permanent injuries and suffered extreme pain and agony, continuing medical expenses, and lost wages.

WHEREFORE, Plaintiff demands judgment against the Defendants in the amount of FIVE MILLION DOLLARS ($5,000,000.00) plus interest, costs and any other relief this court deems appropriate.

**COUNT VII**
**Breach of Implied Warranty**
**Defendants LG and Amazon**

~~34.~~38.     Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

~~35.~~39.     At the time of the sale and delivery of the battery to Plaintiff, Defendants, each of whom is regularly engaged in the sale of batteries and deal in goods of this kind, impliedly warranted to Plaintiff that the batter~~y~~y ~~was~~as merchantable and fit for the ordinary purpose for which batteries are intended, namely, for providing power. The Defendants further held themselves out to the public as a reliable and competent seller of safe batteries, and Plaintiff relied on this in his decision to purchase the batter~~y~~y.

~~36.~~40.     Defendants breached their implied warranties of merchantability to Plaintiff, which directly and proximately caused Plaintiff to sustain permanent injuries and suffer extreme pain and agony, continuing medical expenses, and lost wages.

WHEREFORE, Plaintiff demands judgment against the Defendants in the amount of FIVE MILLION DOLLARS ($5,000,000.00) plus interest, costs and any other relief this court deems appropriate.

**PLAINTIFF'S REQUEST FOR JURY TRIAL**

Plaintiff prays a trial by jury on all issues pursuant to Maryland Rule 2-325.

Respectfully submitted,

_____/s/_____ [Formatted: Underline]
Shani Dinovitz, Esq.
Law Office of Shani Dinovitz, LLC
2910 W. Strathmore Ave.
Baltimore, Maryland 21209
Tel.: 410-963-5804
Fax: 480-247-4270
Attorney for Plaintiff

11