| | | |
|---|---|---|
| RYAN MCDONALD, | * | IN THE |
| Plaintiff, | * | UNITED STATES DISTRICT COURT |
| v. | * | FOR THE |
| LG CHEM LTD, LG CHEM AMERICA, INC. and AMAZON.COM, INC., | * | DISTRICT OF MARYLAND |
| | * | Civil Action No.: 1:16-cv-01093-RDB |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANTS LG CHEM, LTD.'S
## ANSWER TO THE FIRST AMENDED COMPLAINT

Defendant LG Chem, Ltd. (hereinafter "Answering Defendant") by and through its undersigned counsel, hereby responds to the First Amended Complaint of Plaintiff as follows:.

1. Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averment of this paragraph.

2. Answering Defendant denies that it is authorized to conduct business in the State of Maryland and that it conducts business therein. Answering Defendant admits the remainder of the paragraph.

3. Pursuant to the Stipulation filed on February 20, 2017, Plaintiff has agreed to dismiss LG Chem America, Inc.; accordingly, no response is required.

4. The averments of this paragraph do not relate or refer to Answering Defendant; therefore, no response is required. To the extent a response is required, denied as to Answering Defendant.

5. The averments of this paragraph do not relate or refer to Answering Defendant; therefore, no response is required. To the extent a response is required, denied as to Answering Defendant.

6. The averments of this paragraph do not relate or refer to Answering Defendant; therefore, no response is required. To the extent a response is required, denied as to Answering Defendant.

7. The averments of this paragraph do not relate or refer to Answering Defendant; therefore, no response is required. To the extent a response is required, denied as to Answering Defendant.

8. Denied as to Answering Defendant.

9. Denied as to Answering Defendant.

10. Answering Defendant is without sufficient knowledge or information to form a belief as to the truth of the averments of this paragraph.

## COUNT I
### Product Liability – Defect in Design
### Defendants LG

11 Answering Defendant incorporates by reference its answers in paragraphs 1 through 10 as if fully set forth herein.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

## COUNT II
### Product liability – Defect in Manufacturer
### Defendants LG

16. Answering Defendant hereby incorporates its responses to Paragraphs 1 through 15 as if fully set forth herein.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

## COUNT III
### Product Liability – Defect in Warning
### Defendants LG

21. Answering Defendant hereby incorporates its responses to Paragraphs 1 through 20 as if fully set forth herein.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

## COUNT IV
### Negligent Design
### Defendants LG

26. Answering Defendans hereby incorporates its responses to Paragraphs 1 through 25 as if fully set forth herein.

27. Denied.

28. Denied.

29. Denied.

## COUNT V
### Negligence – Failure to Warn or to Provide Adequate Instruction
### Defendants LG

30. Answering Defendant hereby incorporates its responses to Paragraphs 1 through 29 as if fully set forth herein.

31. Denied.

32. Denied.

33. Denied.

## COUNT VI
### Negligence
### Defendants LG and Amazon

34. Answering Defendant hereby incorporates its responses to Paragraphs 1 through 33 as if fully set forth herein

35. Denied.

36. Denied.

37. Denied.

## COUNT VII
### Breach of Implied Warranty
### Defendants LG and Amazon

38. Answering Defendant hereby incorporates its responses to Paragraphs 1 through 37 as if fully set forth herein

39. Denied.

40. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to join one or more parties who should or must be joined and without the joinder of such parties, complete relief cannot be accorded among those already attempted to be made parties to this action.

### THIRD AFFIRMATIVE DEFENSE

The claims asserted by the Plaintiff are barred because of the contributory negligence by the Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Answering Defendant was not the proximate cause of Plaintiff's alleged injuries and/or damages.

### FIFTH AFFIRMATIVE DEFENSE

The injuries/damages complained of by the Plaintiff, if any, are the result of acts or omissions of others for which this Defendant cannot be held legally responsible.

### SIXTH AFFIRMATIVE DEFENSE

The acts and/or conduct of persons, parties, or entities over whom the Answering Defendant has no control or right of control constituted the proximate cause of any harm or injury to the Plaintiff, or constituted intervening or superseding causes thereof.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff was not in privity with Answering Defendant and plaintiff may not rely upon any warranties which may have been implied or imposed by law upon Answering Defendant; defendant affirmatively states that it breached no warranty.

### EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrine of assumption of the risk.

### NINTH AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over Answering Defendant as a result of improper, and/or lack of, service of process, lack of subject matter jurisdiction, and/or lack of personal jurisdiction.

### TENTH AFFIRMATIVE DEFENSE

Answering Defendants at all relevant times hereto, complied with all applicable Federal, State and other regulations.

### ELVENTH AFFIRMATIVE DEFENSE

This action is barred by the doctrine of sophisticated purchaser/employer.

### TWELFTH AFFIRMATIVE DEFENSE

The claims asserted by the plaintiff were proximately caused by an intervening, superseding cause.

### THIRTEENTH AFFIRMATIVE DEFENSE

At all relevant times hereto, the knowledge of other persons and business entities, and the ability of such other persons and business entities to take actions to prevent the injuries complained of was superior to that of answering defendants and, therefore, if there was a duty to warn the plaintiff, the duty was on those other persons and business entities and not on the Answering Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

The failure of other persons and business entities to warn and/or safeguard the plaintiff from any possible hazards associated with the batteries was an intervening and/or superseding cause of the plaintiff's alleged injuries.

### FIFTEENTH AFFIRMATIVE DEFENSE

The plaintiff misused the product which misuse proximately caused or contributed to the injuries and damages of which he complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

Answering Defendant had no knowledge of the dangerous propensities of the material allegedly causing the injuries to the plaintiff.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The alleged incident, injuries and damages of which Plaintiff complains were caused by unauthorized, unintended or improper use of the products complained of and as a result of the failure to exercise reasonable and ordinary care, caution or vigilance for which Answering Defendant is not legally liable or responsible.

### EIGTHTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to specifically state the items of special damages claimed as required by Rule 9(g) and, therefore, all claims for and references to the recovery of special damages in the Complaint must be stricken.

### NINETEENTH AFFIRMATIVE DEFENSE

The Complaint fails to allege with specificity any acts, actions or conduct on the part of the Answering Defendants which constitutes negligence, fraud or conspiracy as required by Rule 9 and, therefore, all claims and/or damages based upon allegations of negligence, fraud or conspiracy must be stricken.

### TWENIETH AFFIRMATIVE DEFENSE

The body of knowledge in the scientific, medical and industrial communities (i.e., the state of the art) did not recognize any risk of danger connected with the sale, use, manufacture or distribution of any products for which Answering Defendant is alleged to be liable.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to act reasonable to minimize any loss or harm that he suffered, and could have avoided such harm by making reasonable efforts or expenditures.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Answering Defendant did not assume a duty to exercise reasonable care, skill and diligence in the design, manufacture, and sale of the batteries at issue, as alleged in the Complaint, and as such the Complaint fails to state any cause of action against Answering Defendant.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Said alteration or modification of the subject products voids the express or implied warranties, if any.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Complaint, including each and every cause of action therein, is barred by the equitable doctrines of laches, unclean hands, and/or estoppel.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Any injuries or damages sustained by Plaintiff by the subject product were proximately caused by the failure of Plaintiff and/or other third parties, unrelated to Answering Defendant, to following the warning(s) supplied with the product, which warning(s) adequately warned of the risks involved in the product's use or misuse.

### TWENTY-SIX AFFIRMATIVE DEFENSE

Plaintiff engaged in conduct and activities sufficient to constitute waiver of any alleged breach of duty, negligence, act, omission, or any other conduct, if any, as set forth in the Complaint.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Each and every cause of action in Plaintiff's Complaint is barred by the provisions of the applicable statutes of limitations.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Answering Defendant did not design, manufacture, warrant, sell, or distribute the subject battery or any other product alleged to have been involved in plaintiff's accident at issue herein. As such, Answering Defendant cannot be held liable for any alleged defect in those products, or any alleged negligence or breach of warranty associated with those products.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Answering Defendant reserves the right to amend their answer, if it becomes appropriate, after full investigation and discovery.

## THIRTIETH AFFIRMATIVE DEFENSE

Answering Defendant incorporates by reference herein, as if fully set forth, all defenses, both affirmative and otherwise, raised, pleaded or asserted by all other answering defendants.

## CROSSCLAIM FOR CONTRIBUTION

While Answering Defendant denies negligence in all aspects, it avers, alternatively, that should it be found liable in any respect it is entitled to contribution from the co-defendants for any amount which Answering Defendant may be required to pay to the plaintiff and is entitled to have the relative degrees of fault determined in accordance with Maryland law.

## CROSSCLAIM FOR INDEMNIFICATION

In the alternative, Answering Defendant seeks full indemnification from all co-defendants.

## ANSWER TO ALL PAST, PRESENT, AND FUTURE CROSS-CLAIMS

Answering Defendant denies the allegations of any crossclaims which have been filed or may in the future be filed by any co-defendant and demands that such crossclaims be dismissed.

WHEREFORE, Answering Defendant, requests that the Complaint be dismissed with costs to be assessed to plaintiff.

PHILLIPS, GOLDMAN, MCLAUGHLIN & HALL, P.A.

/s/ Lisa C. McLaughlin

Lisa C. McLaughlin, Esquire (#2529)
1200 North Broom Street
Wilmington, DE 19806
Telephone (302) 655-4200
Facsimile (302) 655-4210
E-Mail: rsg@pgmhlaw.com
Attorney for Defendant,
LG Chem, Ltd.

Dated: March 9, 2017

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing Answer to the First Amended Complaint was filed electronically via the Court's CM/ECF system, which caused an electronic copy to be sent this 9th day of March, 2017, to:

Shani Dinovitz, Esquire
Law Offices of Shani Dinovitz, LLC
2910 W. Strathmore Avenue
Baltimore, MD 21209
*Attorney for Plaintiff*

Brian A. Cafritz, Esquire
Kalbaugh Pfund & Messersmith, P.C.
901 Moorefield Park Drive, Suite 200
Richmond, VA 23236

-and-

Rachel L. Stewart, Esquire
Kalbaugh Pfund & Messersmith, P.C.
3950 University Drive, Suite 204
Fairfax, VA 22030
*Attorneys for Amazon.com, Inc.*

_____
LISA C. McLAUGHLIN, ESQ.
MD Bar ID #25529
Phillips, Goldman, McLaughlin & Hall, P.A.
1200 North Broom Street
Wilmington, DE 19806
Phone: 302-655-4200
Fax: 302-655-4210
E-Mail: lcm@pgmhlaw.com
*Attorneys for Defendant,
LG Chem, Ltd.*