## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

RYAN McDONALD,

    Plaintiff,

      v.

LG CHEM LTD, et al.,

    Defendants.

Civil Action No. RDB-16-1093

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM ORDER

On November 10, 2016, this Court dismissed plaintiff Ryan McDonald's claims against defendant Amazon.com, Inc. ("Amazon"), concluding that Count V of the original Complaint was barred under Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1), and that Counts VI and VII of the original Complaint failed to state plausible claims for negligence and breach of implied warranty. (ECF No. 21.) *McDonald v. LG Elecs. USA, Inc.*, RDB-16-1093, --- F.Supp.3d---, 2016 WL 6648751 (D. Md. Nov. 10, 2016).

With leave of Court, plaintiff filed a First Amended Complaint (ECF No. 26), and Amazon once again has moved to dismiss the claims against it. (ECF No. 28.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, Amazon's Motion is GRANTED, and plaintiff's claims against defendant Amazon are DISMISSED WITH PREJUDICE.

While plaintiff's First Amended Complaint attempts to bolster the allegations set forth in the original Complaint, the pleading again fails to state a plausible claim for relief

1

against defendant Amazon. To survive a motion under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). Plaintiff's First Amended Complaint, by contrast, relies on conclusory allegations and even mere conjecture: "Amazon **may have** also fulfilled Plaintiff's order and shipped the batteries from one of its many Fulfillment Centers, a detail to be determined during the course of discovery." (ECF No. 26 at ¶ 8) (emphasis added). Even ignoring the fact that plaintiff's original Complaint affirmatively stated that "[t]he batteries were sold and shipped to Plaintiff by Safetymind, and Plaintiff received them," plaintiff's mere speculation regarding Amazon's possible role in order fulfillment and shipping does not state a plausible claim for relief. (ECF No. 2 at ¶ 4.)

Furthermore, Count VI (Negligence) of the First Amended Complaint targets in particular Amazon's failure to *communicate* about the defect to plaintiff: "Defendants were negligent in failing to sell, distribute and place in the stream of commerce a safe battery, and for instead selling Plaintiff a defective and unreasonably dangerous battery, **without communicating said defect**, creating a clear and immediate risk of serious injury to battery users." (ECF No. 26 at ¶ 37) (emphasis added). As set forth in this Court's prior Memorandum Opinion, plaintiff's failure to warn claims against Amazon are barred under Section 230 of the Communications Decency Act. (ECF No. 21.) Plaintiff's effort to dodge this bar by the use of new labels is unavailing.

Finally, Count VII (Breach of Implied Warranty) of the First Amended Complaint merely adds the allegation that Amazon "is regularly engaged in the sale of batteries and

deal[s] in goods of this kind."  (ECF No. 26 at ¶ 39.)  This Court previously explained that

under Maryland law, a "merchant" is defined as:

> "a person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practice or goods involved in the transaction or to whom such knowledge or skill may be attributed by his employment of an agent or broker or other intermediary who by his occupation holds himself out as having such knowledge or skill."

Md. Code Ann., Com. Law § 2-104(1).  While plaintiff asserts that Amazon regularly sells

batteries, there is no indication that Amazon has any particular knowledge or skill about

batteries so as to qualify Amazon as a merchant of such products—or that Amazon holds

itself out as such.  Accordingly, plaintiff's breach of implied warranty claim against Amazon

also must fail.

In sum, plaintiff again fails to state a plausible claim against defendant Amazon, and

plaintiff's claims against Amazon are DISMISSED WITH PREJUDICE.

Plaintiff may pursue his remaining claims against defendants LG Chem, Ltd. and LG

Chem America, Inc.  A Scheduling Order for this case will be issued promptly.

## CONCLUSION

For the foregoing reasons, it is this 8th day of May, 2017, hereby ORDERED that:

1. Amazon.com's Motion to Dismiss plaintiff's First Amended Complaint (ECF No. 28) is GRANTED;

2. Plaintiff's claims against Amazon are DISMISSED WITH PREJUDICE.

_____/s/_____
Richard D. Bennett
United States District Judge