| RYAN MCDONALD, | * | IN THE |
|---|---|---|
| Plaintiff, | * | UNITED STATES DISTRICT COURT |
| v. | * | FOR THE |
| LG CHEM, LTD. | * | DISTRICT OF MARYLAND |
| Defendant. | * | Civil Action No.: 1:16-cv-01093-RDB |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT LG CHEM, LTD.'S MOTION FOR SUMMARY JUDGMENT

**I. PROCEDURAL POSTURE**

Plaintiff, Ryan McDonald ("Plaintiff") filed a seven-count amended complaint against Defendant, LG Chem, Ltd. ("LG Chem" or "Defendant") alleging, *inter alia*, strict liability, negligence, and breach of warranty based on injuries he purportedly sustained when a battery allegedly manufactured by LG Chem (the "subject battery") exploded and caught fire in his pocket. (Ex. A - Amended Complaint at ¶ 9). The date of the alleged incident was December 31, 2015. Pursuant to the Court's September 15, 2017 Amended Scheduling Order, Plaintiff's expert reports/disclosures were due on November 7, 2017. On November 28, 2017, Plaintiff identified David Zuckerbrod, Ph.D. as his only expert witness in support of his claims against LG Chem. (*See* Ex. B - Plaintiff's e-mail regarding Rule 26(a)(2) Disclosures and Ex. C – October 25, 2017 Report of David Zuckerbrod, Ph.D.). Plaintiff identified no other expert witnesses, and the time for him to do so has expired.

Pursuant to the Court's December 9, 2017 Second Amended Scheduling Order, on December 29, 2017, Defendant timely identified Troy A. Hayes, Ph.D. as its liability witness to

support Defendant's numerous defenses including, *inter alia*, that the subject battery was not defective in design, manufacture or lacking in warnings. (*See* Ex. D – December 29, 2017 letter regarding the December 28, 2017 Expert Report of Troy A. Hayes, Ph.D.).

On January 10, 2018, destructive testing of the subject battery was conducted by Dr. Hayes. Although invited to attend, Dr. Zuckerbrod did not do so. On January 18, 2018, Dr. Hayes issued a supplemental report incorporating the results of the destructive testing. (*See* Ex. E – January 18, 2018 letter forwarding January 17, 2018 Supplemental Expert Report of Troy A. Hayes, Ph.D.).

Discovery ended on February 19, 2018. This is LG Chem's Memorandum of Law in Support of its Motion for Summary Judgment.

## II.  STATEMENT OF FACTS

On July 26, 2017, a non-destructive forensic examination of the subject battery was conducted by Drs. Hayes and Zuckerbrod. Dr. Zuckerman determined that, based upon results of that examination, the subject battery is consistent with an LG HG2 18650 model battery manufactured by Defendant. (*See* Ex. F – January 24, 2018 Deposition of David Zuckerbrod at 89:12-17).

On December 14, 2017, LG Chem deposed the Plaintiff. Mr. McDonald testified that he purchased a single LG 18650 rechargeable battery from the Townmall of Westminster, Maryland in October 2014. (*See* Ex. G – December 14, 2017 Deposition of Plaintiff at 32:9-16; Ex. H – November 14, 2017 Plaintiff's Answer to Interrogatory No. 1). The outer wrapper of the battery was red in color. (*See* Ex. G at 36:11 – 37:20). One month later, on November 5, 2014, Plaintiff purchased two LG HE2 18650 batteries from Amazon. (*See* Ex. I – November 5, 2014 Amazon

2

sale's receipt; and Ex. G at 36:2 – 37:2). These batteries were also red in color and the Amazon receipt includes a picture of the batteries, which are depicted as red in color. (Ex. G at 37:12-20). Plaintiff also concedes that from the time he purchased the LG Chem batteries from Amazon on November 5, 2014 until the date of the incident on December 31, 2015 (approximately 14 months or 420 days), he utilized these three red LG Chem batteries on a daily basis in random rotation in conjunction with his daily e-cigarette usage. (Ex. G at 36:18 – 37:11).

On January 25, 2018, LG Chem deposed Dr. Zuckerbrod. At deposition, Dr. Zuckerbrod conceded that his only opinion in this matter is that the subject battery was defectively manufactured and further that he has no opinion on whether the subject battery was defectively designed or lacked adequate warnings. (See Ex. C; Ex. F at 70:5-18).

> Q: Your report reflects that your opinion is the rupture of the side can wall indicated a manufacturing defect was present in the case.
> A: Yes.
> Q: And that's your opinion?
> A. Yes.
> Q: Okay. And am I correct that you are not offering any opinions that the design of the cell was defective in any way?
> A: Yes. I'm not.
> Q: You agree with me?
> A: I agree with you, yes.

(Ex. F at 62:9 – 72:8).

Moreover, Dr. Zuckerbrod's opinion that the battery was defectively manufactured is equivocal and inconclusive. As noted in his report and confirmed at his deposition, it is Dr. Zuckerbrod's opinion that since the subject battery can wall was ruptured along the side of the can wall after the incident, the can was defectively manufactured. While he offers several

3

possible hypotheses for how a can wall can be defectively manufactured (e.g., defects in the steel blanks used to form the can, worn or misaligned tooling used to deform the metal, or incorrect annealing), he candidly concedes that he cannot identify how the can of the specific battery in this case was defectively manufactured. (Ex. F at 72:15 – 74:10). Dr. Zuckerbrod's report and his deposition provide no evidence to establish that the subject battery was manufactured in a manner that was contrary to or inconsistent with LG Chem's design specifications applicable to the subject battery or was assembled in an improper manner.

Dr. Zuckerbrod conceded in his deposition that the subject battery was re-wrapped and, further, that re-wrapping the battery constituted a misuse of the battery. (Ex. F at 88:1 – 90:18).

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion. "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986). Whether a fact is material depends upon the substantive law. *See id.*

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club,*

*Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the [summary judgment] motion,'" *Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L.Ed.2d 686 (2007) (quoting *United States v. Diebold*, 369 U.S. 654, 655, 82 S. Ct. 993, 8 L.Ed.2d 176 (1962)), but the court also must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to *800 trial." *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir.1993) (internal quotation marks omitted).

## IV. ARGUMENT

### I. PLAINTIFF HAS FAILED TO ESTABLISH A *PRIMA FACIE* CASE OF STRICT LIABLITY, NEGLIGENCE AND BREACH OF WARRANTY AND, THEREFORE, SUMMARY JUDGMENT AS TO ALL CLAIMS IS WARRANTED.

#### A. THERE IS NO RECORD EVIDENCE THAT THE SUBJECT BATTERY WAS DEFECTIVE AND, THEREFORE, ALL OF PLAINTIFF'S CLAIMS MUST FAIL.

In order to prevail on a products liability claim under Maryland law, a plaintiff must establish that:

(1) the plaintiff was the user or consumer of an alleged defective product;

(2) the defendant was the seller of the product and at the time of sale was engaged in the business of selling such a product;

(3) at the time of sale the product was defective;

(4) the product reached the plaintiff without substantial change in the condition in which it was sold;

(5) the defect made the product unreasonably dangerous to the plaintiff; and

5

(6) the defect proximately caused plaintiff's injuries.

*Shreve v. Sears, Roebuck & Co.*, 166 F. Supp. 2d 378, 406–07 (D. Md. 2001) (citing *Phipps v. Gen. Motors Corp.*, 278 Md. 337, 363 A.2d 955, 959 (1976)); *see also* RESTATEMENT (SECOND) OF TORTS § 402A (1965). "A product defect can arise from the design of the product, a deficiency in its manufacture, or from the absence or inadequacy of instructions or warnings as to its safe and appropriate use." *Shreve*, 166 F. Supp. 2d at 407 (citing *Simpson v. Standard Container Co.*, 72 Md. App. 199, 527 A.2d 1337, 1339–40 (Md. 1987)). A products liability suit may also be brought under a negligence theory or a breach of warranty theory.

Plaintiff has brought claims under each of these theories, including design defect, manufacturing defect, failure to warn, breach of implied warranty, and negligence. Under each of these theories, Plaintiff must establish the existence of a defect. *Watson v. Sunbeam Corp.*, 816 F. Supp. 384, 387 n.3 (D. Md. 1993) ("The elements of proof are the same whether the claim [is] characterized as one for strict liability or negligence ... or breach of warranty.") (citations omitted); *see also Ford Motor Co. v. Gen. Accident Ins. Co.*, 365 Md. 321, 779 A.2d 362, 369 (2001) ("We consistently have held that a plaintiff must prove the existence of a defect at the time the product leaves the manufacturer to recover on an implied warranty claim, as well as with regard to strict liability and negligence claims."). "Proof of a defect must arise above surmise, conjecture or speculation; and one's right to recovery may not rest on any presumption from the happening of an accident." *Virgil v. "Kash N' Karry" Serv. Corp.*, 61 Md. App. 23, 484 A.2d 652, 657 (1984) (citation omitted).

Despite the wide-ranging nature of the products liability claims asserted by Plaintiff in the Complaint, the *only* evidence he produced during discovery to establish the existence of a

defect is the opinion testimony of Dr. Zuckerbrod, which is limited to Plaintiff's theory of defect in the manufacture of the battery. In order to establish a manufacturing defect under Maryland law, a plaintiff must not only prove that the product was defective at the time it left the control of the manufacturer, but he must offer evidence that the product either was not manufactured in accordance with design specifications or that, during the manufacturing process, the product was assembled improperly or some other error occurred. *Shreve*, 166 F. Supp. 2d at 411.

Here, Plaintiff presents *no* admissible evidence that the subject battery was not manufactured in accordance with LG Chem's design specifications, that the battery was assembled improperly or that any other error in the manufacturing process actually occurred. Notably, as to his opinion that the subject battery was defectively manufactured, Dr. Zuckerbrod testified that he could not determine the exact manner the battery was manufactured improperly. Essentially, Dr. Zuckerbrod testified that the battery was defective, but he could not say how or why. The Fourth Circuit has repeatedly held that this Court is not required to admit opinion evidence which is connected to existing data only by *ipse dixit* of the expert. Dr. Zuckerbrod's inability to identify the manufacturing defect with any specificity creates too great an analytical gap between the data and the opinion offered rendering it inadmissible. *See, Cooper v. Smith & Nephew, Inc.*, 259 F.3d 194 (4th Cir. 2001) citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 157 (1999) and *General Electric Co. v. Joiner*, 522 U.S. 136, 146 (1997). Thus, Plaintiff has presented no evidence of a manufacturing defect in existence at the time the battery left the control of LG Chem and, therefore, all of his claims necessarily fail as a matter of law.

Further, Plaintiff's expert concedes that someone rewrapped the battery which constituted misuse of the battery. Therefore, the Plaintiff cannot establish that the product reached the

plaintiff without a substantial change in the condition in which it was sold. Accordingly, Plaintiff's claims fail as a matter of law.

V. **CONCLUSION**

Since Plaintiff has presented no evidence that the subject battery was defective, he cannot prevail on any of his claims and summary judgment in favor of Defendant LG Chem is appropriate.

PHILLIPS, GOLDMAN, McLAUGHLIN
& HALL, P.A.

_/s/ Lisa C. McLaughlin_

Lisa C. McLaughlin, Esquire
MD Bar ID #25529
1200 North Broom Street
Wilmington, DE 19806
Telephone (302) 655-4200
E-Mail: lcm@pgmhlaw.com
*Attorneys for Defendant, LG Chem, Ltd.*

Dated: February 20, 2018

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I filed a true and accurate copy of the foregoing Memorandum of Law in Support of Defendant LG Chem, Ltd.'s Motion for Summary Judgment with the Clerk of the Court using the CM/ECF system, which caused a true and correct copy of the same to be sent electronically to:

Shani Dinovitz, Esquire  
Law Offices of Shani Dinovitz, LLC  
2910 W. Strathmore Avenue  
Baltimore, MD 21209  
*Attorney for Plaintiff*

 

_____  
LISA C. McLAUGHLIN, ESQ.  
MD Bar ID #25529  
Phillips, Goldman, McLaughlin & Hall, P.A.  
1200 North Broom Street  
Wilmington, DE 19806  
Telephone: 302-655-4200  
E-Mail: lcm@pgmhlaw.com  
*Attorneys for Defendant, LG Chem, Ltd.*