| RYAN MCDONALD, | * | IN THE |
| | | |
| Plaintiff, | * | UNITED STATES DISTRICT COURT |
| | | |
| v. | * | FOR THE |
| | | |
| LG CHEM, LTD. | * | DISTRICT OF MARYLAND |
| | | |
| Defendant. | * | Civil Action No.: 1:16-cv-01093-RDB |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT LG CHEM, LTD.'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF PLAINTIFF'S LIABILITY EXPERT, DAVID ZUCKERBROD, Ph.D. PURSUANT TO FED. R. EVID. 104(a) AND FED. R. EVID. 702

Defendant LG Chem, Ltd. ("LG Chem" or "Defendant") moves this Honorable Court for an Order excluding Plaintiff's liability expert, David Zuckerbrod, Ph.D. from offering expert testimony at trial in support of Plaintiff's claims against LG Chem in this action. Dr. Zuckerbrod's proffered opinions and anticipated testimony are based upon insufficient facts, unreliable methodology, and assumptions which are speculative and not supported by the record and, therefore, are inadmissible.

Plaintiff has identified Dr. Zuckerbrod as his only expert to support his products liability allegations against LG Chem. (*See* Plaintiff's Rule 26(a)(1) Disclosures attached as Ex. A). Dr. Zuckerbrod issued a report dated October 25, 2017 (*see* Ex. B) and, on January 25, 2018, he was deposed (*see* Ex. C). Dr. Zuckerbrod's report and anticipated testimony are limited to his opinion that the battery which Plaintiff alleges exploded and caused him personal injuries was manufactured defectively.[1]

---

[1] Dr. Zuckerbrod conceded at deposition that his opinions are limited to Plaintiff's defective manufacture claim and he is offering no opinions in support of Plaintiff's defective design or failure to warn allegations. (Ex. C at 70:5-18).

In accordance with the principles and mandates set forth in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592 (1993), *Westberry v. Gislaved Gummi AB*, 178 F.3d 257, 260 (4th Cir. 1999) and *Fireman's Fund Insurance Co. v. Tecumseh Products Company*, 767 F. Supp. 2d 549, 553 (D. Md. 2011), this Court serves as a "gate keeper" to review expert testimony and ensure that it both rests on a reliable foundation and is relevant to the task at hand. As such, the Court must ask whether the expert's opinion is supported by adequate validation to render it trustworthy. *Westberry*, 178 F.3d at 260. Rule 702 provides three factors that guide the Court's inquiry: (1) whether the testimony is based upon sufficient facts or data; (2) whether the testimony is the product of reliable principles and methods; and (3) whether the witness has applied the principles and methods reliably to the facts of the case. *U.S. v. Willock*, 696 F. Supp. 2d 536, 562 (D. Md. 2010).

In its role as "gate keeper," the Court must exclude expert testimony that is based on belief or speculation, and any inferences by the expert must be derived using scientific or other valid methods. *Oglesby v. General Motors Corp.*, 190 F.3d 244, 250 (4th Cir. 1999). Therefore, an expert's proffered testimony is inadmissible when it is based on assumptions that are speculative and not supported by the record rather than facts and data. *Tyger Constr. Co. v. Pensacola Const. Co.*, 29 F.3d 137, 142 (4th Cir. 1994).

In assessing whether an expert's testimony satisfies the requirements of reliability, *Daubert* instructs the Court to consider five non-exclusive factors: (1) whether a theory or technique can be or has been tested; (2) whether the theory or technique has been subjected to peer review or publication; (3) the known or potential rate of error; (4) the existence and maintenance of standards controlling the technique's operation; and (5) the extent to which the theory or technique has achieved general acceptance in the relevant scientific community.

*Daubert*, 509 U.S. at 593-94. Or course, not all of these factors apply in every case or to all experts, and they should not be applied rigidly or exclusively. The inquiry is a flexible one, focused on principles and methodology, not on the conclusions they generate. *Id.* at 594-95. Finally, expert testimony that is merely *ipse dixit* is inadmissible. *General Electric Co. v. Joyner*, 522 U.S. 146 (1997).

1. **Dr. Zuckerbrod's Opinion that the Subject Battery Was Defectively Manufactured Is Not Founded Upon Reliable Methodology, Principles or Reasoning as Required by F.R.E. 702 and, Therefore, Should Be Excluded From Trial in this Matter.**

    A. **Insufficient Facts or Data**

As noted in his October 25, 2017 report, Dr. Zuckerbrod participated in a forensic non-destructive examination orchestrated and principally conducted by LG Chem's expert, Troy A. Hayes, Ph.D., on July 26, 2017. Although a follow-up destructive examination was conducted by Dr. Hayes on January 10, 2018, Dr. Zuckerbrod elected not to attend. Dr. Hayes incorporated the results of the destructive testing in a supplement to his original report timely served on Plaintiff's counsel on January 18, 2018. (Ex. D). Dr. Zuckerbrod did not supplement his original report.

Dr. Zuckerbrod conceded at deposition that, in developing his opinions in this matter, he did not review or rely upon the complaint, responses to written discovery, Plaintiff's deposition testimony,[2] or LG Chem's manufacturing specifications. (Ex. C at 22:19 – 25:13). Furthermore, the record is devoid of any evidence that Dr. Zuckerbrod was familiar with LG

---

[2] Dr. Zuckerbrod's failure to consider Plaintiff's deposition testimony is of particular significance given that Plaintiff testified that the subject battery fit the description of an LG H$\underline{E}$2 18650 battery, which contradicts Dr. Zuckerbrod's conclusion after examining the battery that it was an LG H$\underline{G}$2 18650 battery. (*See* Ex. B at p. 1). Dr. Zuckerbrod's failure to consider or explain such a vital and fundamental inconsistency underscores the factually insufficient and unreliable nature of his opinions.

Chem's manufacturing facilities, processes or procedures. Dr. Zuckerbrod's inexplicable failure to consider all of the relevant record evidence demonstrates that his opinions in this case are based on woefully insufficient facts.

### B. Unreliable Principles and Methods

Dr. Zuckerbrod's only opinion is that because the can wall of the subject battery ruptured during the incident, the incident was caused by a manufacturing defect in the cell. (Ex. B at p. 4). Dr. Zuckerbrod offered no testimony at deposition that he had any first-hand knowledge of or relied upon the manufacturing processes or manufacturing specifications for the subject battery. He also did not conduct a comparative review or analysis of the subject battery against LG Chem's manufacturing specifications for either the HG2 or HE2 18650 batteries in effect at the date of sale in October or November 2014. These deficiencies in the methodology employed by Dr. Zuckerbrod during his investigation render his proffered testimony unreliable per Rule 702 and, thus, inadmissible. Moreover, these deficiencies, absent any other admissible evidence to support Plaintiff's defective manufacturing claim, are fatal to Plaintiff's ability to establish his *prima facie* case against LG Chem. *See Shreve v. Sears, Roebuck & Co.*, 166 F.Supp. 2d 378, 411 (D. Md. 2001) (holding that in order to establish a manufacturing defect claim under Maryland law, Plaintiff must offer evidence that the product either was not manufactured in accordance with design specifications or that during the manufacturing process, the product was assembled improperly or some other error occurred.)

### C. Failure to Rule Out Alternative Hypotheses

Dr. Zuckerbrod is unable to eliminate other possible causes of the incident, which is required to satisfy the reliability requirements set forth in *Daubert* and *Fireman's Fund*, 767 F. Supp. 2d at 555 (citing *Higginbotham v. KCS Int'l*, 85 Fed. Appx. 911, 916 (4th Cir. 2004)).

In order to adequately rule out alternative hypotheses, the expert must demonstrate not only that his hypotheses is plausible but that it, and not some alternative hypotheses, best explains the event in question. *Id.* Dr. Zuckerbrod fails to make this showing.

Dr. Zuckerbrod offers three possible hypotheses for how a cell can wall can rupture during the process of manufacturing a cell. Notably, none of these hypotheses relate to the subject battery specifically but are only generic in nature. In explaining how a cell can is produced by a process called "deep drawing," which converts a blank sheet of steel into a cylindrical can, he identifies three ways weak areas in the steel sheet can occur, including: (1) defects in the blank steel sheet; (2) worn or misaligned tooling used to deform the sheet; or (3) incorrect annealing. At deposition, Dr. Zuckerbrod candidly admitted that he had no idea or opinion as to which, if any, of these alternative hypotheses applied to the subject battery. Moreover, Dr. Zuckerbrod conceded that LG Chem's expert, Dr. Hayes, was reasonable and possibly correct when he opined that the subject battery exploded due to an internal short caused by the can wall contacting the internal windings and **not by any manufacturing defect**. (Ex. C at 78:12-19).

Because Dr. Zuckerbrod is unable to rule out alternative hypotheses regarding the cause of the battery explosion (including the hypothesis that the explosion was due causes other than a manufacturing defect), his testimony must be excluded under Rule 702.

## CONCLUSION

Dr. Zuckerbrod's only opinion in this case is based upon speculative, untested and unreliable assumptions on how the cell was defectively manufactured and fails to satisfy the requirements of *Daubert* and its progeny. Accordingly, his testimony should be excluded from trial.

PHILLIPS, GOLDMAN, McLAUGHLIN
& HALL, P.A.

_____
Lisa C. McLaughlin, Esquire
MD Bar ID #25529
1200 North Broom Street
Wilmington, DE 19806
Telephone (302) 655-4200
E-Mail: lcm@pgmhlaw.com
*Attorneys for Defendant, LG Chem, Ltd.*

Dated: February 20, 2018

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I filed a true and accurate copy of the foregoing Memorandum of Law in Support of Defendant LG Chem, Ltd.'s Motion *in Limine* to Exclude Testimony of Plaintiff's Liability Expert, David Zuckerbrod, Ph.D. Pursuant to Fed. R. Evid. 104(a) and Fed. R. Evid. 702 with the Clerk of the Court using the CM/ECF system, which caused a true and correct copy of the same to be sent electronically to:

Shani Dinovitz, Esquire
Law Offices of Shani Dinovitz, LLC
2910 W. Strathmore Avenue
Baltimore, MD 21209
*Attorney for Plaintiff*

LISA C. McLAUGHLIN, ESQ.
MD Bar ID #25529
Phillips, Goldman, McLaughlin & Hall, P.A.
1200 North Broom Street
Wilmington, DE 19806
Telephone: 302-655-4200
E-Mail: lcm@pgmhlaw.com
*Attorneys for Defendant, LG Chem, Ltd.*